# **<u>EXHIBIT A</u>**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CAPITAL ONE BANK (USA), N.A.

RECEIVED

APR 02 2014

LEGAL DEPT
RICHMOND VA

F I L E D
AMADOR SUPERIOR COURT

MAR 1 0 2014

CLERK OF THE SUPERIOR COURT

BY

10075

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Channon W. Rector

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, Amador

500 Argonaut
Jackson, CA 95642

CASE NUMBER:
*(Número del Caso):* 14 CV 8735

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Channon W Rector 9622 Iris Meadow Way, Elk Grove, CA, (916)-208-2897

DATE: March 10, 2014
*(Fecha)*

Clerk, by BARBARA COCKERHAM

10076 Deputy
*(Adjunto)*

Clerk, by _____ *(Secretario)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

AMADOR SUPERIOR COURT
500 ARGONAUT LANE
JACKSON, CA 95642
(209)257-2600

FILED
AMADOR SUPERIOR COURT

MAR 1 0 2014

CLERK OF THE SUPERIOR COURT
BY ___10075___

PLAINTIFF: CHANNON W RECTOR

VS

DEFENDANT: CAPITAL ONE BANK USA NA

| | |
|---|---|
| **NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM AND NOTICE OF CASE MANAGEMENT CONFERENCE** AMADOR RULE OF COURT 8.01 ET SEQ., and CRC 3.720 ET SEQ. | HEARING DATE: 09/29/2014 Case Type: OTHER CONTRACT |
| | CASE NUMBER: 14-CVC-08735 |

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the above-entitled action has been included in the Delay Reduction Program of the County of Amador. The local rules of the Superior Court of California, County of Amador, will hereby apply to this action. You are required to comply with the guidelines as set forth in the above-referenced rules.

You are further advised that a CASE MANAGEMENT CONFERENCE in the above action has been scheduled, per rule 8.05, for **Monday, September 29, 2014** at **2:30 pm** in the Amador County Superior Court, **DEPT 3**. A Case Management Statement shall be filed with the court no later than 15 days before the case management conference. All parties shall exchange their completed statements at least 15 days prior to the case management conference. Pursuant to Amador Rule 8.05(E) the Court issues tentative rulings prior to Civil Case Management Conferences.

Dated: March 10, 2014

B. COCKERHAM, CLERK

BY: ___10075___, DEPUTY

# AMADOR COUNTY SUPERIOR COURT

500 Argonaut Lane • JACKSON, CA 95642-2396
(209) 257-2603

*B. COCKERHAM, COURT EXECUTIVE OFFICER*



## THIS DOCUMENT IS TO BE SERVED ON ALL PARTIES

### Tentative Rulings Procedure

*Law & Motion Matters*: The Superior of Court of Amador County has adopted Local Rule 4.03, which provides for the issuance of tentative rulings in all law and motion matters on the afternoon of the court day before the law and motion matter is calendared. The tentative rulings are available after 2:00 p.m. on the web (www.amadorcourt.org). Parties satisfied with the tentative ruling need not appear at the scheduled hearing, unless ordered to do so by the Court. Parties intending to appear and contest the tentative ruling must notify the Court and opposing counsel of such intent by 4:00 p.m. on the first court day before the hearing. Unless opposing counsel is notified of such intent, oral argument will not be permitted. Absent oral argument, the tentative ruling will become the final ruling of the Court.

All noticed motions and demurrers in civil matters shall include the following information in the notice:

> "Pursuant to Local Rule 4.03, the court will make a tentative ruling on the merits of this matter by 3:00 p.m., the court day before the hearing. To receive the tentative ruling, call (209) 257-2692. If you intend to appear and contest the tentative ruling, you must notify the court and opposing counsel of such intent by 4:30 p.m. on the first court day preceding the hearing. If you do not provide proper notice to the court and the opposing party no hearing will be held."

Failure to include the above language could result in the imposition of sanctions pursuant to Local Rule 4.01.

*Case Management Conferences:* The Amador Superior Court has adopted Local Rule 8.05, which provides for the issuance of tentative rulings for case management conference hearings. The tentative rulings are available after 2:00 p.m. on the court day before the hearing is scheduled. Tentative rulings are posted on the Court's website, www.amadorcourt.org. Parties satisfied with the tentative ruling need not appear at the scheduled hearing, unless ordered to do so by the Court. Parties intending to appear and contest the tentative ruling must notify the Court and opposing counsel of such intent by 4:00 p.m. on the first court day before the hearing. Unless opposing counsel is notified of such intent, oral argument will not be permitted. Absent oral argument, the tentative ruling will become the final ruling of the Court.

### Alternative Dispute Resolution Information Sheet

As of July 1, 2001, whenever a complaint in a civil action is filed, the clerk will provide the plaintiff with the attached Alternative Dispute Resolution Information Sheet. Pursuant to Rules of Court, Rule 1590.1(b) the plaintiff must serve the Information Sheet on each defendant along with the complaint. Cross-complainants are also required to serve a copy of the information sheet along with the cross-complaint.

The Information Sheet is available for no cost in the Superior Court Clerk's office, or on the court's web site at www.amadorcourt.org.

The Amador Superior Court supports and encourages the use of Alternative Dispute Resolution ("ADR"). The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. Litigants have also expressed a high degree of satisfaction when using these options.

The most common forms of ADR are mediation and arbitration. There are a number of other kinds of ADR as well. In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court.

Advantages of ADR

- **ADR can be speedier**. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money**. Court costs, attorneys fees, and expert fees can be saved.
- **ADR can permit more participation**. The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.
- **ADR can be flexible**. The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.
- **ADR can be cooperative**. This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.
- **ADR can reduce stress**. There are fewer, if any, court appearances. In addition, because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.
- **ADR can be more satisfying**. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.
- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

ADR Options

The court currently offers the following ADR options:

**Judicial Arbitration**: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years

and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees.

Please see Amador Superior Court Local Rules, Rule 9.00 for more information regarding judicial arbitration.

**Settlement Conferences**: The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Amador County Superior Court Local Rules, Rule 5.00 allows any party to request a settlement conference or the parties may stipulate to a settlement conference. The settlement conference may be conducted before the judge assigned to the case, another assigned judge or a pro tem appointed to act as settlement officer. The court may also order a case to a mandatory settlement conference prior to trial.

**Court Ordered Mediation:** Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and does not resolve the dispute -- the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial.

As of July 1, 2006, the Amador Superior Court implemented a civil mediation program. Eligible cases will be referred to mediation upon the stipulation of the parties and order of the Court. Most general civil cases will be eligible for referral to the mediation program.

The court will maintain a panel of approved mediators that meet specific qualifications and who adhere to court approved mediator ethics. A list of the Court-approved mediators is available for free at the clerk's office or on the web at www.amadorcourt.org.

There is no cost to the parties for the first three hours of the mediation. Please see Amador Superior Court, Local Rule 8.14 for more information.

**Voluntary ADR:** Parties may voluntarily stipulate to private mediation, private binding or non-binding arbitration, private early neutral evaluation or private judging outside the court system at any time.

**For Further Information**

Please contact:

    Amador County Superior Court
    500 Argonaut Lane
    Jackson, CA 95642
    (209) 257-2603

F I L E D

AMADOR SUPERIOR COURT

MAR 1 0 2014

CLERK OF THE SUPERIOR COURT
BY

CASE ASSIGNED FOR ALL PURPOSES TO
HON.
GC 68616 (i)    J.S. HERMANSON

10075

Channon W. Rector
Nine Six Two Two
Iris Meadow Way
Elk Grove, California

## THE SUPERIOR COURT OF CALIFORNIA
## COUNTY OF AMADOR

CHANNON W. RECTOR

      Plaintiff,

V.

CAPITAL ONE Bank (USA), NA . . . . . AND
DOES 1 through 18 Inclusive

      Defendant(s),

CASE NO: 14 CV 8735

**COMPLAINT FOR VIOLATION OF
FAIR DEBT AND COLLECTION
PRACTICES ACT ("FDCPA"),**

**TRIAL BY JURY DEAMNDED**

### JURISDICTION

This is an action for damages brought by an individual consumer appearing specially before this

honorable Court, without conferring, waiving, otherwise granting any jus, to report and serve this

complaint, against Defendant,

1. CAPITAL ONE AUTO FINANCE for violations of the Fair Debt Collections Act, 15

   U.S.C. §§ 1 – 7, 1692, California Civil Code Section 1788.10 et seq.

2. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its

   agents in their illegal efforts to collect a consumer debt.

I

**(COMPLAINT FOR VIOLATION OF FAIR DEBT AND COLLECTION PRACTICES
ACT ("FDCPA")**

3.  Jurisdiction of this Court arises under 28 U.S.C. § 1331, Civil Code Section 1788.10.

4.  Venue is proper in this District pursuant to 28 U.S.C. §1391.

**PARTIES**

5.  Plaintiff, CHANNON W. RECTOR, is an adult individual residing in Elk Grove, California.

6.  Plaintiff is a consumer within the meaning of the FDCPA.

7.  Defendant, CAPITAL ONE AUTO FINANCE, is a California corporation with a principal place of business at PO BOX 60511 CITY OF INDUSTRY, CA 91716-0511 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §§ 1692a(6).

**FACTUAL ALLEGATIONS**

8.  At all pertinent times hereto, Defendant was collecting a debt relating to MAZDA OF ELK GROVE. The debt at issue arises out of the acquisition of a property.

9.  At all times material and relevant hereto, Plaintiff did not owe the debt to Defendant, and has never owed a debt to Defendant. This matter has been settled and closed. Photocopy of contract mail March 5, 2013 is completely absent of a Guarantor.

10. CAPITAL ONE AUTO FINANCE makes a false and unlawful claim to personal property held in an express trust, a 2013 Mazda 3 Sedan. Claim arises from the fraudulent creation of account number: 6746571 for VIN: JM1BL1UP3D1827374. Defendants have

2

**(COMPLAINT FOR VIOLATION OF FAIR DEBT AND COLLECTION PRACTICES ACT ("FDCPA")**

no lawful claim to said property pursuant to Civil Code Section 1788.10 and U.S.C. §§

1692(a)(4) The representation or implication that nonpayment of any debt will result in

the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale

of any property or wages of any person unless such action is lawful and the debt collector

or creditor intends to take such action.

11. October 28 CE 2013; December 9, 2013; December 10, 2013; December 13 CE 2013;
    January 17, 2014; February 18, 2014; February 19, 2014 Defendant mailed to Plaintiff
    Debt Collection letters to coerce payment of alleged debt, with the intent to annoy, abuse
    or harass Plaintiff.

12. Defendant then validated false information without providing Plaintiff with competent
    evidence of a legal obligation with regards to defendants pursuant to Fields v. Wilber
    Law Firm, USCA-02-C-0072, 7th Circuit Court September CE 2004.

13. Defendant at notarized request by Plaintiff have not provided or refused to provide
    competent evidence of permissible purpose pursuant to FCRA
    [15 U.S.C. § 1681b](a)(A)(C)

14. Defendant then with the intent to annoy, abuse or harass, sent debt collection letters to
    Plaintiff falsely claiming the debt was validated December 26, 2013. Defendant is not in
    possession of any document and has refused to produce any evidence of a legal obligation
    on behalf of Plaintiff.

3

**(COMPLAINT FOR VIOLATION OF FAIR DEBT AND COLLECTION PRACTICES**
**ACT ("FDCPA")**

15. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with Plaintiff.

16. Defendant acted in a false, deceptive, misleading and unfair manner by sending debt collection correspondence via the United States mail with intent to annoy, abuse, or harass Plaintiff.

17. Defendant knew or should have known that their actions violated the Civil Code Section 1788.10, FCRA and the FDCPA.

18. Defendants ("person") will have created an unlimited liability statutory "person" evidenced by the "account number" 6746571 and/or 94992727 without consent from an agent of the estate. Pursuant to15 U.S.C. § 1692A(6)(f)(i)-(iv) … any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement.

## 1.  COUNT I-VIOLATIONS OF THE FDCPA

19. (Multiple violations of FDCPA: Civil Code Section 1788.10

20.  Plaintiff realleges paragraphs 1-17 above.

21. 15 U.S.C. § 1692(e) provides, in relevant part, that: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

4

**(COMPLAINT FOR VIOLATION OF FAIR DEBT AND COLLECTION PRACTICES ACT ("FDCPA")**

22. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer. (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

23. 15 U.S.C. § 1692f provides, in relevant part, that: Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (6)

24. Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

25. The Defendant has sent debt collection letters repeatedly with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

5

**(COMPLAINT FOR VIOLATION OF FAIR DEBT AND COLLECTION PRACTICES ACT ("FDCPA")**

26. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

27. The Plaintiff is entitled to damages as a result of Defendant's violation

   a. **COUNT II-INVASION OF PRIVACY –INTRUSION UPON SECLUSION**

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Defendant invaded the privacy of Plaintiff by unreasonably intruding upon his seclusion by sending collection letters to her home in relation to a debt that Plaintiff did not owe to Defendant.

30. Defendant intruded, physically or otherwise, upon to solitude and or seclusion of Plaintiff in a manner which was highly offensive to Plaintiff and other reasonable persons if same should be in similar positions.

31. Defendant's intentional intrusions, physical or otherwise, upon the solitude and or seclusion were substantial and highly offensive waiver on violating 18 U.S.C. § 1341. As a direct and proximate cause of sending collection letters that harassed, annoyed and abused Plaintiff, Defendant disturbed the peace and tranquility of his home, invaded Plaintiff's privacy and intruded upon his seclusion, was a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result,

32. Defendant is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

6

**(COMPLAINT FOR VIOLATION OF FAIR DEBT AND COLLECTION PRACTICES ACT ("FDCPA")**

WHEREFORE, Declaratory judgment that Santander's conduct violated the FDCPA, and

declaratory and injunctive relief for Debt Collection violations of the state Act;

(a) Actual damages;

(b) Statutory damages; pursuant to 15 U.S.C. § 1692k;

(c) If the evidence supports such a finding at trial, punitive damages;

(d) Treble damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief s may be just and proper.

DATED:

Respectfully submitted,

By:

Channon W. Rector, Sui Juris

7

**(COMPLAINT FOR VIOLATION OF FAIR DEBT AND COLLECTION PRACTICES ACT ("FDCPA")**

33. Defendant continues to report erroneous information to all the Credit Reporting Bureaus

without Proof of Claim nor validation of debt.

## JURY TRIAL DEMAND

34.  Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Declaratory judgment that Santander's conduct violated the FDCPA, and

declaratory and injunctive relief for Debt Collection violations of the state Act;

(a) Actual damages;

(b) Statutory damages; pursuant to 15 U.S.C. § 1692k;

(c) If the evidence supports such a finding at trial, punitive damages;

(d) Treble damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief s may be just and proper.

DATED: _Ten th Day of Month_
_Two thousand and Fourteen_

Respectfully submitted,

By: _Channon W. Rector_

Channon W. Rector, Sui Juris

7

**(COMPLAINT FOR VIOLATION OF FAIR DEBT AND COLLECTION PRACTICES ACT ("FDCPA")**

Channon W. Rector
Nine Six Two Two
Iris Meadow Way
Elk Grove, California

## THE SUPERIOR COURT OF CALIFORNIA
## COUNTY OF AMADOR

CHANNON W. RECTOR

           Plaintiff,

V.

CAPITAL ONE AUTO FINANCE AND
DOES 1 through 18 Inclusive

        Defendant(s),

CASE NO: 14CV8735

**Qualified Written Request**

## QWR

1.  This document is formally requesting documentation that would provide evidence of a

    legally binding obligation on behalf of Plaintiff pursuant to FDCPA and CA Civil Code

    1788. Request is in no way a bad faith means of circumventing the stay before Plaintiff

    may propound discovery as written requests can be made at any time.

    1.1 Plaintiff is a natural person and claims that the open arrangement for the

        acquisition of property was completed and closed October 23, 2013. Mazda of Elk

1

**QUALITIED WRITTEN REQUEST PUSUANT TO 15 USC 1681d**

Grove considers the agreement completed and closed. CAPITAL ONE is a third party claiming an interest.

1.2 Plaintiff alleges claims made by CAPITAL ONE AUTO FINANCE are false and an unlawful claim to personal property. Said claim arises from the fraudulent creation of account number: 6746571 for VIN: JM1BL1UP3D1827374. Plaintiff disputes the creation of said account number as fraud and theft. Reference item number 10 of complaint.

1.3 Defendant did not disclose their intent to create the statutory person and Plaintiff did not agree as to its creation.

1.4 Plaintiff cannot be made the "owner" of something he did not agree to create and he did not create himself.

1.5 Defendant mailed on March 5, 2014 a photocopy of a contract between Plaintiff and Mazda of Elk Grove. Similarly if one were to go to a gas station and to purchase gasoline with a photocopy of a twenty dollar bill the seller of such gas would not accept such a document as authentic were he would be legally or statutorily obligated to honor it.

1.6 Plaintiff does not accept photocopy contract as authentic. The original contract is necessary evidence for the enforcement of contracts where a party claims to seize property.

2

**QUALITIED WRITTEN REQUEST PUSUANT TO 15 USC 1681d**

1.7 Plaintiff alleges that original contract may have been altered or sold in violation of 15 U.S. Code § 78dd–1 - Prohibited foreign trade practices by issuers.

2. Such a serious and heinous accusation could simply be laid to rest by the production of the original contract with wet ink signatures from both buyer and seller.

3. Plaintiff request documentation, accounting, ledger or statement that provides evidence that Plaintiff is the owner of said account and agreed to be owner account.

4. Plaintiff would like for Defendant to produce the original wet ink application for credit.

5. Plaintiff requests any statutory claim in writing and signed by defendant as to how and why the interested party is lawfully entitled to seize personal property (item number 10).

4.1 Seller assigned interest to Defendant without recourse in lieu of any wrongdoing by defendant.

4.2 Photocopy of contract Defendant mailed March 5, 2014 identifies Mazda of Elk Grove as Seller and sometimes "we" or "us". At no point is Defendant identified at the onset of the agreement/ contract and is a third party to the completed agreement.

6. Plaintiff requests any statutory claim in writing and signed by defendant as to how and why they are not a third party pursuant to CA Civil Code 1788 and 1788.1.

3

**QUALITIED WRITTEN REQUEST PUSUANT TO 15 USC 1681d**

7. Plaintiff requests any documentation, accounting, ledger or statement that shows that defendant invested or sacrificed any of their own money or funds in the opening of this account and/or demonstrate that they will be damaged if the account is not repaid.

8. Plaintiff requests a True Bill from Defendant for money owed.

9. Plaintiff requests copies of documentation regarding the details of how this alleged debt was sold and incurred.

10. Plaintiff requests documentation, accounting, ledger or statement that provides evidence that Plaintiff did not fund or acknowledge funding the alleged loan.

11. Plaintiff requests documentation, accounting, ledger or statement that provides evidence that the account was statutorily reviewed and validated.

DATED: _Thirteenth Day of March Two Thousand Fourteen_

Respectfully submitted,

By: _[signature]_

Channon W. Rector, Sui Juris

4

**QUALITIED WRITTEN REQUEST PUSUANT TO 15 USC 1681d**

Anthony Rector
13337 Smth St #769
Corritos, Ca 90703



U.S. POSTAGE
PAID
DOWNEY, CA
90242
MAR 26, '14
AMOUNT
$7.61
1000   91716   00047189-09
UNITED STATES POSTAL SERVICE

Subpoena Team
12077- 0270

CAPITAL ONE BANK
Colegal Dept.
P.O. Box 60511
City of Industry, Ca. 91716

RETURN RECEIPT
REQUESTED



CERTIFIED MAIL
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7013 0600 0000 1591 2760