

1  Channon W. Rector
2  Nine Six Two Two
   Iris Meadow Way
3  Elk Grove, California

FILED

MAY 23 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| CHANNON W. RECTOR | **CASE NO: 14CV8735** |
| Plaintiff, | **FIRST AMENDED COMPLAINT PURSUANT TO RULE 15(a)** |
| V. | |
| CAPTIAL ONE AUTO FINANCE, A DIVISION OF CAPTIAL ONE, N.A., | |
| Defendant(s), | |

## FIRST AMENDED COMPLAINT

**COMES NOW,** Channon W. Rector (herein known as Plaintiff) a live born male national residing in the Land known as California and Agent for the CHANNON WOODROW RECTOR ESTATE, here to file by right his First Amended Complaint pursuant to Federal Rule 15(a) (B) against CAPTIAL ONE AUTO FINANCE, A DIVISION OF CAPTIAL ONE, N.A. (herein known as Defendants or Defendant). This is an action to gain title to property brought by an individual consumer appearing specially before this honorable Court, without conferring, waiving, otherwise granting any jus, to report and serve this complaint, against Defendant under UCC 3-306.

## JURISDICTION

1

## NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT

Jurisdiction of this Court arises under 28 U.S.C. § 1331.

Venue is proper in this District pursuant to 28 U.S.C. §1391.

## DUE PROCESS

1. Plaintiff has initiated due process pursuant to the 14th amendment of the CONSTITUTION OF THE UNITED STATES OF AMERICA.

2. The 1972 United States District Court San Diego in *Adams v Egley* has held that "since defendants acted pursuant to Sections 9503 and 9504 of the California Commercial Code, which have been shown to violate the due process clause of the Fourteenth Amendment, the repossessions must be held illegal".

3. Plaintiff entered into a contract that he knew to be a security due to "evidence of indebtedness" pursuant to Securities Exchange Act (2)(a)(1).

4. Plaintiff contracted with a Mazda of Elk Grove however Defendant makes a claim of indebtedness but did not sign or acknowledge the contract in dispute.

5. Plaintiff is unlawfully being subjected to a Statute of Frauds contract pursuant to UCC 2-201.

6. Plaintiff specifically denies the validity of Defendant's signature under UCC 3-308.

7. Such a contract is subject to UCC Section 2-302 and without a valid signature is clearly unconscionable.

8. Plaintiff pleads the following in support of his right to due process, his claim to title, and Injunctive Relief.

## JURY TRIAL DEMAND

2

**NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT**

9.  Plaintiff demands trial by jury on all issues so triable.

## CLAIMS OF ASSIGNEMENT BY DEFENDANT

10. Defendants claim they are a "lender" under "assignment".

11. Assignment under UCC 2-210 (4) stipulates that a lawful assignment must specifically
    have the language "all of my rights under the contract" in similar or general terms.

12. Regardless of the fact that the language required in UCC 2-210 (4) is nowhere in the
    disputed contract, Defendants still have not done any kind of a proper acknowledgement.

13. Plaintiff in this First Amended Complaint makes his solemn written demand of adequate
    assurance of due performance from Defendants CAPITAL ON E AUTO FINANCE
    pursuant to UCC 2-210 (5) and UCC 2-609 (1).

14. Plaintiff believes his performance has been completed due to the nature of an instrument
    and his capacity as a creditor (See item 21).

15. Plaintiff has made more than a diligent effort in claiming his right to properly have the
    books balanced through affidavit process.

## UNCONSCIONABLE CONTRACT

16.  Plaintiff strongly believes that outside of the contract any document produced would be
    direct evidence of allegations made by Plaintiff that we are dealing with securities and he
    is entitled to set-off or recoupment.

17. This case presents an example of unconscionability; one party was induced to agree to the
    contract without a meaningful choice. Situations in which this result is usually found
    include cases in which there are oppressive clauses hidden in boilerplate or high pressure
    sales tactics applied against uneducated or illiterate consumers, and where there is neither

3

bargain nor negotiation in regards to the instrument and Plaintiffs capacity as a creditor (See item 21).

## REVOCATION OF SIGNATURE

18. Plaintiff can prove that because the contract is, was or will be a security and that without meaningful choice or consideration Plaintiff has every right to revoke all signatures for good cause, and "Without Recourse to Me" pursuant to UCC 3-501.

19. Plaintiff can prove that he has revoked signatures and served such documents to Defendant's Counsel and was entitled to do so pursuant to UCC 3-308.

## RECOUPMENT

20. Plaintiff makes his claim of Recoupment pursuant to UCC Section 3-305 and under UCC 3-306.

21. Defendants cannot lawfully lend money or credit pursuant to Article I Section 10 of the organic Constitution and United States Code, Title 12, Section 24, Paragraph 7 which confers upon a bank the power to lend its money, not its credit and considering HJR-192 Plaintiff is most certainly entitled to a "balancing of the books".

22. Defendant's claim vehemently that they lent Plaintiff credit, which would be an unlawful act under the color of state law because such a prohibition is to ensure the protection of rights of people.

23. The disputed contract between parties is clearly an "instrument" pursuant to UCC 3-305.

24. Plaintiff has a claim under UCC 3-306 due to the fact that Defendants have not yet proven and are most likely incapable of proving that they are a "holder".

4

NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT

25. The instrument cannot be a debt instrument for the person who is the originator, cause or source of the credit (see item 21).

26. Plaintiff was not provided a receipt for the transaction under UCC Section 3-306 and there cannot be a holder in due course on a promissory note after Defendants have deposited it, Plaintiff is entitled to recoupment.

27. Defendants are be in violation of Title 12 USC 1831 (n)(a) (1) where they are to follow GAAP and GAAS and correctly account to the UNITED STATES OF AMERICA for the fact the Defendants have never lent or sacrificed any money, funds or asset to Plaintiff.

## COLOR OF LAW

28. Plaintiff reaffirms items 1- 31, Defendants do not have legal title to property and should have to prove why their right of use superior to Plaintiff's.

29. The enforcement of disputed contract must be evidenced in writing.

30. Plaintiff's have continually produced photocopy of a contract which is not evidence in writing but further support for Plaintiff's allegation that the original contract may have been sold for profit.

31. Defendant's as a matter of course and due process are obligated to prove why they are have the right to repossess Plaintiff's property under the color of state law.

32. Defendants did not sign or acknowledge the original contract and thus cannot be a party to foreclose upon it UCC 3-308, Statute of Frauds.

33. Defendants do not have an enforceable means of claiming the rights or privilege of repossessing Plaintiff's property pursuant to California Commercial Code Section 3301, as they are not a holder pursuant to California Commercial Code Section 1201.

5

**NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT**

34. Defendants are clearly using the Uniform Commercial Code and California Commercial Code where their actions which when process is abused is considered under the color of state law in order to deny Plaintiff the rights the statutes protect.

35. This action is brought to enjoin Defendants from initiating or advancing theft of Plaintiff's property due to unlawful use of UCC and committing acts barred under the color or state law.

36. To claim "self-help" in California, a party must have the right to enforce the instrument creating the debt.

37. This court must enjoin the repossession and subsequent theft of Plaintiff's property because Defendants do not have standing to initiate the proceeding and even assuming they do have failed to comply with FDCPA, FCRA, TCPA, CCP 1788, 1788,1, 1788.10, UCC Section 9-503, California Commercial Code Sections 1201, 3301, 9503, 9504, due process or proper service of process.

38. Plaintiff is a victim of Fraud in the Factum since the alleged misrepresentations caused Plaintiff to complete and close a proper transaction, however, be subject to fraudulent use of the Uniform Commercial Code crimes committed under the color or state law.

### AFFIDAVIT PROCESS

39. Plaintiff in good faith has been on a humble quest since Defendant issued the first "evidence of indebtedness" 15 USC 77(a) for this so-called "Lender", Defendant CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, to provide documentation that they did indeed lend Plaintiff money or credit (See item 21).

6

40. This would be some of the basic evidence that could substantially clear Defendant of wrong doing and as such is the procedural background allotted for civil claims PP....

41. Because Defendant has chosen to ignore Plaintiff's solemn requests by unreasonably hanging on to this fallacy that somehow they lent us "money" or "funds" or unlawfully lent us "credit" Plaintiff has ultimately had to report a wrongdoer to a court of record.

42. Plaintiff will demonstrate how Defendants are already in grotesque dishonor and default of Plaintiff's administrative attempts to get answers to the alleged account through affidavits in supports of administrative process.

43. When Plaintiff did not get responses to his claims based on the UCC, USC and California Code of Civil Procedure.

44. In one of those correspondence served, Plaintiff asks for the license that would give Defendants enforceable rights under FDCPA.

45. It is certainly not a screed but a declaration before a court that since we have asked for several times but have not received any evidence that Defendant is not a "third-party" debt collector we have filed a claim as if they are.

### DEFENDANT'S CLAIMED STATUS AS CREDITOR

46. Defendant's are subject to FDCPA due to the overwhelming lack of evidence by the Defendants are a creditor pursuant to 15 USC or a Holder with an enforceable means of claiming the rights or privilege of repossessing Plaintiff's property pursuant to California Commercial Code Section 3301, as they are not a holder pursuant to California Commercial Code Section 1201.

7

**NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT**

47. Plaintiff's allegation of State of Statue of Frauds on (1) the lack of an acknowledgement by Defendants, (2) instrument (3) the fact that he claims insecurity due to an unlawful assignment, and (4) lack of accounting representing Plaintiff's status as a creditor leads to the inference that Defendants are in fact are collecting a debt already paid or owing to someone else.

48. Plaintiff reserves the right to amend this part of his pleading given that Defendants to substantially and procedurally prove that they are in fact an "original creditor".

49. At all pertinent times hereto, Defendant was collecting a debt relating to MAZDA OF ELK GROVE. The debt at issue arises out of the acquisition of a property.

50. At all times material and relevant hereto, Plaintiff did not owe the debt to Defendant, and has never owed a debt to Defendant. This matter has been settled and closed. Photocopy of contract mail March 5, 2014 is completely absent of a Guarantor.

51. CAPITAL ONE AUTO FINANCE makes a false and unlawful claim to personal property of the estate, a 2013 Mazda 3 Sedan. Claim arises from the fraudulent creation of account number: 6746571 for VIN: JM1BL1UP3D1827374. Defendants have no lawful claim to said property pursuant to Civil Code Section 1788.10 and U.S.C. §§ 1692(a)(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

52. October 28 CE 2013; December 9, 2013; December 10, 2013; December 13 CE 2013; January 17, 2014; February 18, 2014; February 19, 2014 Defendant mailed to Plaintiff

8

Debt Collection letters to coerce payment of alleged debt, with the intent to annoy, abuse or harass Plaintiff.

53. Defendant then validated false information without providing Plaintiff with competent evidence of a legal obligation with regards to defendants pursuant to Fields v. Wilber Law Firm, USCA-02-C-0072, 7th Circuit Court September CE 2004.

54. Defendant at notarized request by Plaintiff have not provided or refused to provide competent evidence of permissible purpose pursuant to FCRA

   [15 U.S.C. § 1681b](a)(A)(C)

55. 15 U.S.C. § 1692(e) provides, in relevant part, that: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer. (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

9

**NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT**

57. 15 U.S.C. § 1692f provides, in relevant part, that: Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (6)

58. Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

59. The Defendant has sent debt collection letters repeatedly with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

60. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

61. The Plaintiff is entitled to damages as a result of Defendant's violation

### PLAINTIFFS RIGHT TO PRELIMINARY INJUNCTIVE RELIEF

62. Defendants have engaged in conduct set out—or attempted to be set out—in this pleading including but not limited a correspondence mailed via USPS by Defendant dated April 3, 2014 and received by Plaintiff April 8, 2014 and threatening to repossess Plaintiff's property as well as other misrepresentations of indebtedness alleged in this pleading.

63. Defendant's recent correspondence is direct evidence of their desire to deny Plaintiff due process as a debtor under the color of law.

### CONCLUSION

10

**NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT**

64. In First National Bank of Tallapoosa vs. Monroe, 135 Ga 614; 69 S.E. 1123 (1911), the court, after citing the statue heretofore said, "The provisions referred to do not give power to a national bank to guarantee the payment of the obligations of others solely for their benefit, nor is there any authority to issue them through such power incidental of the business of banking. A bank can lend its money, not its credit." Meanwhile, they do it anyway from a profit motive, even though it flies in the face of their primary duty to protect people's money.

65. In Howard & Foster Co. vs. Citizens National Bank of Union, 133 S.C. 202; 130 SE 758, (1927), it was stated, "It has been settled beyond controversy that a national bank, under Federal law, being limited in its power and capacity, cannot lend its credit by guaranteeing the debt of another. All such contracts being entered into by its officers are ultra vires and not binding upon the corporation."

66. In Central Transp. Co. v. Pullman, 139 U.S. 60, 11 S. Ct. 478, 35 L. Ed. 55, the court said: "A contract **ultra vires** being unlawful and void, not because it is in itself immoral, but because the corporation, by the law of its creation, is incapable of making it, the courts, while refusing to maintain any action upon the unlawful contract, have always striven to do justice between the parties, so far as could be done consistently with adherence to law, by permitting a property or money, parted with on the faith of the unlawful contract, to be recovered back, or compensation to be made for it. In such case, however, the action is not maintained upon the unlawful contract, nor according to its terms; but on an implied contract of the defendant to return, or failing to do that, to make

11

**NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT**

compensation for, property or money which it has no right to retain. To maintain such an

action is not to affirm, but to disaffirm, the unlawful contract.

## PRAYER FOR RELIEF

WHEREFORE, Declaratory judgment that Defendant's conduct violated Plaintiff's rights and

declaratory and injunctive relief from further actions alleged in this complaint.

(a) Actual damages;

(b) Statutory damages;

(c) If the evidence supports such a finding at trial, punitive damages;

(d) Treble damages;

(e) Costs and reasonable attorney's fees; and

(f) Documentation supporting Plaintiff's right to Certificate of Title.

(g) Such other and further relief s may be just and proper.

I declare under penalty of perjury under the laws of the of UNITED STATES that the
foregoing is true and correct.

Executed : May 21 C.E. 2014

Respectfully submitted,

By: Channon Woodrow Rector

Channon W. Rector, Sui Juris

12

**NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

I am employed in the aforesaid county, State of California, I am over the age of 18 years and not a party to the action; my address is 9622 Iris Meadow Way, Elk Grove, California.

On May 22 CE 2014, I served the forgoing documents **FIRST AMENDED COMPLAINT,**

**NOTICE OF MOTION AND MOTION FOR SANCTION, CONSENT TO JURISDICTION OF**

**MAGISTRATE** on the interested parties in this action by placing the true copy thereof, enclosed

in a sealed envelope, postage, addressed as:

DOLL AMIR ELEY LLP
COUNSEL FOR DEFENDANT
1888 CENTURY PARK EAST SUITE 1850
LOS ANGELES, CA 90067

**(BY MAIL)**

I deposited such envelope in the mail at Sacramento County, California envelope was mailed with postage thereon fully prepaid.
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with the United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid in Sacramento County , California, in the ordinary course of such business.

**(STATE)**  I declare under penalty of perjury under the laws of the State of UNITED STATES that the foregoing is true and correct.

Executed on MAY 22 CE 2014, at Elk California, California.

Desmond Rector

**PROOF OF SERVICE**