1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHANNON W. RECTOR,                          No.  2:14-cv-1019 GEB DAD PS

12              Plaintiff,

13        v.                                      ORDER AND
                                                  FINDINGS AND RECOMMENDATIONS
14   CAPITAL ONE BANK (USA), N.A.,

15              Defendant.

16

17        This action was removed from the Amador County Superior Court on April 25, 2014.

18   Plaintiff is proceeding pro se and, therefore, this matter was referred to the undersigned in

19   accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

20        The case came before the court on July 11, 2014, for hearing of defendant's motion to

21   dismiss.  Plaintiff Channon Rector appeared on his own behalf and attorney William Edmonson

22   appeared on behalf of the defendant.  For the reasons set forth below, the undersigned will

23   recommend that defendant's motion to dismiss be granted.

24                                   BACKGROUND

25        Plaintiff commenced this action on March 10, 2014, by filing a complaint in the Amador

26   County Superior Court.  (Dkt. No. 1-1.)  Defendant removed the matter to this court on April 25,

27   2014, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Dkt. No. 1.)

28   On May 5, 2014, defendant filed a motion to dismiss.  (Dkt. No. 7.)  However, on May 23, 2014,

                                            1

1  plaintiff filed an amended complaint.  (Dkt. No. 9.)  Accordingly, on May 30, 2014, the

2  undersigned denied defendant's motion to dismiss, without prejudice, as having been rendered

3  moot, and ordered defendant to file a response to the amended complaint.  (Dkt. No. 12.)

4      Defendant filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of

5  the Federal Rules of Civil Procedure on June 13, 2014.  (Dkt. No. 13.)  Plaintiff filed an

6  opposition on June 26, 2014.  (Dkt. No. 16.)  Defendant filed a reply on July 3, 2014.  (Dkt. No.

7  18.)

8                                 STANDARDS

9  I.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

10     The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

11  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

12  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

13  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

14  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

15  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

16  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

17  the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.

18  Iqbal, 556 U.S. 662, 678 (2009).

19     In determining whether a complaint states a claim on which relief may be granted, the

20  court accepts as true the allegations in the complaint and construes the allegations in the light

21  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

22  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

23  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

24  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

25  form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

26  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

27  an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A

28  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

2

1   elements of a cause of action." Twombly, 550 U.S. at 555.  See also Iqbal, 556 U.S. at 676

2   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3   statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

4   facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

5   not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

6   459 U.S. 519, 526 (1983).

7       In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

8   to consider material which is properly submitted as part of the complaint, documents that are not

9   physically attached to the complaint if their authenticity is not contested and the plaintiff's

10   complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

11   250 F.3d 668, 688-89 (9th Cir. 2001).

12                                      ANALYSIS

13       The amended complaint alleges that "[t]his is an action to gain title to property brought by

14   an individual consumer appearing specially before this honorable Court . . . ."  (Am. Compl. (Dkt.

15   No. 9) at 1.[1])  In addition, in his complaint plaintiff alleges as follows.  "Plaintiff contracted with

16   a Mazda of Elk Grove" car dealer for the purchase of a vehicle.  (Id. at 2.)  According to plaintiff,

17   defendant Capital One Auto Finance is attempting to collect from plaintiff on that debt, despite

18   the fact that the defendant "did not sign or acknowledge the contract in dispute", (id.), and that

19   the defendant has failed "to provide documentation that they did indeed lend Plaintiff money or

20   credit."[2]  (Id.)

21

22   [1]  Page number citations such as this one are to the page numbers reflected on the court's
     CM/ECF system and not to page numbers assigned by the parties.

23

24   [2]  A court may take judicial notice of its own files.  Reyn's Pasta Bella, LLC v. Visa USA, Inc.,
     442 F.3d 741, 746 n. 6 (9th Cir. 2006); see also FED. R. EVID. 201; Lee v. City of Los Angeles,
25   250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of
     public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion
26   to dismiss, the court may take judicial notice of matters of public record outside the pleadings).
     Here, the court's records reflect that this is not the first time plaintiff has brought an action
27   against a creditor stemming from plaintiff's purchase of a vehicle and the creditor's attempt to
     collect on the debt.  See Rector v. Toyota Motor Credit Corp., No. 2:13-cv-0400 GEB KJN PS,
28   2013 WL 2151654, at *2 (E.D. Cal. May 16, 2013).

                                          3

1      Based upon these factual allegations, the amended complaint claims that defendant has

2  violated plaintiff's right to due process.  (Am. Compl. (Dkt. No. 9) at 2.)  However, a litigant who

3  complains of a violation of a constitutional right does not have a cause of action directly under the

4  United States Constitution.  Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is

5  42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by

6  the United States Constitution); Chapman v. Houston Welfare Rights Org.., 441 U.S. 600, 617

7  (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for

8  violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d

9  704, 705 (9th Cir.1992) ( "Plaintiff has no cause of action directly under the United States

10  Constitution.").

11      Title 42 U.S.C. § 1983 provides that,

12          [e]very person who, under color of [state law] ... subjects, or causes
           to be subjected, any citizen of the United States ... to the
13          deprivation of any rights, privileges, or immunities secured by the
           Constitution and laws, shall be liable to the party injured in an
14          action at law, suit in equity, or other proper proceeding for redress.

15      In order to state a cognizable claim under § 1983 the plaintiff must allege facts

16  demonstrating that he was deprived of a right secured by the Constitution or laws of the United

17  States and that the deprivation was committed by a person acting under color of state law.  West

18  v. Atkins, 487 U.S. 42, 48 (1988).  It is the plaintiff's burden in bringing a claim under § 1983 to

19  allege, and ultimately establish, that the named defendants were acting under color of state law

20  when they deprived him of a federal right.  Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

21      Here, plaintiff's amended complaint fails to allege any facts demonstrating that he was

22  deprived of a right secured by the Constitution or laws of the United States or that the deprivation

23  was committed by a person acting under color of state law.  Instead, in his amended complaint

24  plaintiff incorrectly asserts that the "Defendant's (sic) as a matter of course and due process are

25  obligated to prove why they are have (sic) the right to repossess Plaintiff's property under the

26  color of state law."  (Am. Compl. (Dkt. No. 9) at 5.)  Such vague and conclusory allegations fail

27  /////

28  /////

4

1  to properly allege that the defendant was acting under color of state law.[3]  See generally

2  McConnell v. County of Los Angeles, No. CV 08-7136-RGK (MLG), 2009 WL 4233084, at *10

3  (C.D. Cal. Nov. 23, 2009) ("A private person's use of the prejudgment self-help repossession of

4  secured property, as provided for in the security agreements between creditors and debtors and as

5  authorized under the California Commercial Code, does not involve sufficient 'state action' to

6  establish a federal cause of action under section 1983.").

7        Plaintiff's amended complaint also contains conclusory citations to numerous federal

8  statutes, including the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C §§ 1681 et seq., and the

9  Fair Debt Collections Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692 et seq.  The amended

10  complaint however is devoid of any factual allegations which would appear to relate to those

11  citations to federal statutory provisions.[4]  "[S]imply citing to or quoting from federal statutes

12  without also including supporting factual allegations is not sufficient to state claims under those

13  statutes."  Rector v. Toyota Motor Credit Corp., No. 2:13-cv-0400 GEB KJN PS, 2013 WL

14  2151654, at *2 (E.D. Cal. May 16, 2013).

15        Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

16  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

17  state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.

18

---

19  [3]  It does not appear that plaintiff could further amend his complaint to allege that  defendant
Capital One Bank committed any act under color of state law, as there is not even a suggestion of
20  facts in the amended complaint that would suggest Capital One Auto Finance should be treated as
a state actor.  See Rector v. Toyota Motor Credit Corp., No. 2:13-cv-0400 GEB KJN PS, 2013
21  WL 2151654, at *6 (E.D. Cal. May 16, 2013) ("Plaintiff's scant factual allegations indicate that
he and defendant contracted regarding the purchase or lease of a car, and that defendant
22  ultimately repossessed the car.  While plaintiff disputes the validity of the underlying contract and
disputes defendant's entitlement to repossess the car, the few facts in the amended pleading do
23  not remotely indicate that defendant should be treated as a state actor.").

24

25  [4]  It also does not appear that plaintiff could further amend his complaint to state an FDCPA
claim against the defendant, since defendant is alleged to be a creditor, not a debt collector.  See
26  Rowe v. Educational Credit Management Corp., 559 F.3d 1028, 1031 (9th Cir. 2009) ("a
'creditor' is not a 'debt collector' under the FDCPA"); Lyons v. Bank of America, NA, No. 11-
27  1232 CW, 2011 WL 3607608, at *12 (N.D. Cal. Aug. 15, 2011) ("The FDCPA applies to those
who collect debts on behalf of another; it does not encompass creditors who are collecting their
28  own past due accounts.").

1   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

2   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

3   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

4   enhancements.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff

5   must allege with at least some degree of particularity overt acts which the defendants engaged in

6   that support the plaintiff's claims.  Jones, 733 F.2d at 649.

7                                FURTHER LEAVE TO AMEND

8           For the reasons explained above, as to the claims found in the amended complaint over

9   which this court would have federal question jurisdiction, defendant's motion to dismiss should

10   be granted and plaintiff's amended complaint dismissed for failure to state a claim upon which

11   relief may be granted.  The undersigned has carefully considered whether plaintiff may further

12   amend his complaint to state a claim upon which relief can be granted.  "Valid reasons for

13   denying leave to amend include undue delay, bad faith, prejudice, and futility."  California

14   Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also

15   Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)

16   (holding that while leave to amend shall be freely given, the court does not have to allow futile

17   amendments).

18           Here, in light of the nature of plaintiff's allegations, the fact that plaintiff previously

19   amended his complaint and the legal principles set forth above, the undersigned finds that

20   granting further leave to amend would be futile in this case.[5]  See Chaset v. Fleer/Skybox Int'l,

21   300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting

22   ────────────────

23   [5]  On June 26, 2014, plaintiff filed a motion to file a second amended complaint, (Dkt. No. 14),
     accompanied by a proposed second amended complaint.  (Dkt. No. 15.)  Plaintiff, however,
24   noticed the hearing of that motion on less than twenty-eight days' notice in violation of the Local
     Rules.  Moreover, this was the second time plaintiff had sought to amend his complaint just prior
25   to a hearing of defendant's motion to dismiss.  Accordingly, plaintiff's motion for further leave to
     amend will be denied without prejudice.  Nonetheless, the undersigned has reviewed plaintiff's
26   proposed second amended complaint in evaluating whether granting further leave to amend
     would be futile.  (Dkt. No. 15.)  Upon that review, it is clear that the second amended complaint
27   does not cure any of the defects found in the amended complaint and addressed above.  Instead,
     the second amended complaint again explicitly acknowledges that "[t]his is an action to gain title
28   to property brought by an individual consumer . . . ."  (Dkt. No. 15 at 1.)

1    further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by

2    amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any

3    amendment would be futile, there was no need to prolong the litigation by permitting further

4    amendment.").

5                                   SUPPLEMENTAL JURISDICTION

6            Although it is difficult to discern from reading the amended complaint, it appears that in

7    addition to the potential claims addressed above, plaintiff's amended complaint may be

8    attempting to assert potential state law causes of action.  A district court may decline to exercise

9    supplemental jurisdiction over state law claims if the district court has dismissed all claims over

10   which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  The court's discretion to decline

11   jurisdiction over state law claims is informed by the values of judicial economy, fairness,

12   convenience, and comity.  Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en

13   banc).  In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated,

14   that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of

15   factors . . . will point toward declining to exercise jurisdiction over the remaining state-law

16   claims.'"  Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.

17   7 (1988)).  See also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008)

18   (recognizing this principle but noting that dismissal of the remaining state law claims is not

19   mandatory).

20           Of course, "primary responsibility for developing and applying state law rests with the

21   state courts."  Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD/KJM, 2010

22   WL 729499, at *1 (E.D. Cal. Mar. 2, 2010).  Here, consideration of judicial economy, fairness,

23   convenience, and comity all point toward declining to exercise supplemental jurisdiction.

24   Therefore, the undersigned will also recommend that the assigned District Judge decline to

25   exercise supplemental jurisdiction over any  state law claims plaintiff may be attempting to

26   allege.

27   /////

28   /////

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 26, 2014, motion to amend (Dkt. No. 14) is denied without prejudice.

It is also HEREBY RECOMMENDED that:

    1. Defendant's June 13, 2014 motion to dismiss (Dkt. No. 13) be granted;

    2. Plaintiff's federal claims be dismissed without leave to amend;

    3. The court decline to exercise supplemental jurisdiction over any state law claims and the action be dismissed without prejudice to plaintiff re-filing in state court a complaint alleging any state law claims he is attempting to pursue;

    4. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 12, 2014

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\rector1019.mtd.f&rs.docx

8